## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Hospital Acquisition LLC, *et al.*,[1] | ) Case No. 19-10998 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **RE: Docket No. 227 & 294** |

### ORDER ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALES OF ALL OR A PORTION OF THE DEBTORS' ASSETS

Upon consideration of the motion (the "*Motion*") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*")[2] seeking entry of this order (the "*Bidding Procedures Order*") (i) approving the proposed auction and bidding procedures attached **Exhibit B** to the Motion (the "*Bidding Procedures*") by which the Debtors will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of their assets (the "*Assets*") through one or more sales of the Assets (each, a "*Sale Transaction*" or "*Sale*"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "*Assumption and Assignment Procedures*"); (iii) approving the form and manner of notice of all procedures,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospital Acquisition LLC (3232); Hospital Acquisition Intermediate Sub LLC (9609); LifeCare Holdings LLC (f/k/a Hospital Acquisition Sub I LLC) (6612); LifeCare Behavioral Health Hospital of Pittsburgh LLC (9835); New LifeCare Hospitals LLC (7959); New LifeCare Hospitals of Dayton LLC (2592); New LifeCare Hospitals of Milwaukee LLC (2428); New LifeCare Hospitals of South Texas LLC (4237); Hospital Acquisition Sub II LLC (7920); New LifeCare Management Services LLC (4310); New LifeCare REIT 1 LLC (9849); New LifeCare Hospitals of Mechanicsburg LLC (0174); New Pittsburgh Specialty Hospital LLC (7592); LifeCare Vascular Services, LLC (5864); New LifeCare Hospitals of North Texas LLC (4279); New LifeCare Hospitals of Chester County LLC (1116); New LifeCare Hospitals of Northern Nevada LLC (4534); New San Antonio Specialty Hospital LLC (2614); New LifeCare Hospitals of North Carolina LLC (7257); New LifeCare Hospitals of Pittsburgh LLC (8759); New NextCare Specialty Hospital of Denver LLC (6416); Hospital Acquisition MI LLC (4982); LifeCare Pharmacy Services LLC (3733); New LifeCare REIT 2 LLC (1315); New LifeCare Hospitals at Tenaya LLC (6891); and New LifeCare Hospitals of Sarasota LLC (8094). The Debtors' address is 5340 Legacy Drive, Suite 150, Plano, Texas 75024.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

01:24664956.1

protections, schedules, and agreements described in the Motion and attached thereto, including the Debtors' selection of one or more stalking horse bidders (each a "***Stalking Horse Bidder***"), if any, and the provision of Bid Protections (as defined below) to such Stalking Horse Bidder, if necessary; (iv) scheduling (a) a date for an auction if the Debtors receive one or more timely and acceptable Qualified Bids (the "***Auction***") and (b) a final hearing (the "***Sale Hearing***") to approve one or more Sales of the Assets; and (v) granting related relief, all as more fully described in the motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

I.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief granted herein are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

III.    The notice of the Motion, the Bidding Procedures Hearing, and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

IV. The Debtors have demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (i) approve the Bidding Procedures, including the procedures for selecting one or more Stalking Horse Bidders; (ii) establish the Assumption and Assignment Procedures; (iii) approve the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (iv) schedule a date for the (a) Auction and (b) Sale Hearing; and (v) grant related relief as set forth herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

V. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

VI. The Bidding Procedures, substantially in the form attached as **Exhibit B** to the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

VII. The Sale Notice, substantially in the form attached to the Motion as **Exhibit C**, respectively, and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims,

and encumbrances, the Sale Transaction(s), the Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

VIII. The Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder(s), and no other or further notice is required.

IX. The Assumption and Assignment Notice, substantially in the form attached to the Motion as **Exhibit E** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

X. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.[3]

---

[3] Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction(s) is subject to entry of the Sale Order(s).

A. **The Timeline for the Sale**

2. The Debtors are authorized to proceed with the Sale Transaction(s) in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Date | Event |
|---|---|
| July 17, 2019 | Assumption and Assignment Service Date |
| July 22, 2019 at 5:00 p.m. (prevailing Eastern Time) | Deadline to File Proposed Sale Order and Purchase Agreement |
| August 1, 2019 at 5:00 p.m. (prevailing Eastern Time) | Bid Deadline |
| August 1, 2019 at 5:00 p.m. (prevailing Eastern Time) | Sale Objection Deadline and Assumption and Assignment Objection Deadline |
| August 6, 2019 at 10:00 a.m. (prevailing Central Time) | Auction |
| August 8, 2019 at 5:00 p.m. (prevailing Eastern Time) | Auction Objection Deadline |
| August 12, 2019 at 12:00 p.m. (prevailing Eastern Time) | Reply Deadline |
| August 13, 2019 at 10:00 a.m. (prevailing Eastern Time) | Sale Hearing |

3. The Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "*Modifications*") in accordance with the provisions of the Bidding Procedures.

B. **The Bidding Procedures**

4. The Bidding Procedures are approved in their entirety. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith. The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

5. The Debtors are authorized, in accordance with the Bidding Procedures, to require Diligence Parties to submit written indications of interest specifying, among other things, the Assets proposed to be acquired, the amount and type consideration to be offered, and any other material terms to be included in a bid by such party.

6.	The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. As further described in the Bidding Procedures, the Bid Deadline shall be August 1, 2019 at 5:00 p.m. (prevailing Eastern Time). Any disputes or objections to the selection of Qualified Bid(s), Successful Bid(s), or Backup Bid(s) (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

7.	The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures. The Auction shall take place on August 6, 2019 at 10:00 a.m. (prevailing Central Time) at the offices of counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201 or at such other place and time as the Debtors shall notify all Qualified Bidders, the Consultation Parties and all other parties entitled to attend the Auction.

### C.	Stalking Horse Bidder, Related Bidding Protections and Purchase Agreement

8.	In accordance with the Bidding Procedures, the Debtors may enter into a Stalking Horse Agreement, subject to higher or otherwise better offers at the Auction, with any Stalking Horse Bidder that submits a Qualified Bid acceptable to the Debtors to establish a minimum Qualified Bid at the Auction.

9.	Absent further order of the Court, the Stalking Horse Agreement shall limit the break-up fees, if any, to an amount no greater than 3% of the Qualified Bid and expense reimbursement, if any, in an amount not to exceed $250,000 (together with the Minimum Overbid Increment, the "***Bid Protections***"). In the event that the Debtors determine that the Bid Protections must exceed the amounts set forth herein, the Court shall hold a hearing on the

approval of any such greater Bid Protections on an expedited basis, upon the request of the Debtors.

10. In the event that the Debtors select one or more parties to serve as a Stalking Horse Bidder, upon such selection, the Debtors shall provide, to all parties on the Rule 2002 List, all parties expressing an interest in the Assets and all parties holding liens on such Assets, five (5) business days' notice of and an opportunity to object to the designation of such Stalking Horse Bidder and disclosure of the Bid Protections set forth in the Stalking Horse Agreement, and absent objection, the Debtors may submit an order to the Court under certification of counsel approving the selection of such Stalking Horse Bidder. To the extent necessary, the Debtors' right to seek this Court's approval of one or more Stalking Horse Bidders, with notice and a hearing, is hereby preserved.

### D. Notice Procedures

12. The form of Sale Notice substantially in the form attached to the Motion as **Exhibit C** is approved.

13. Within seven (7) days after the entry of this Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice, this Order, including the Bidding Procedures by first-class mail, postage prepaid, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Assets within the past two (2) years; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (iii) counsel for the Committee; (iv) counsel to the DIP Lender; (v) counsel to the Prepetition Priming Term Loan Lenders; (vi) counsel to the Prepetition Priming Term Facility Agent; (vii) counsel to the Prepetition Second Term Facility Agent; and (viii) the U.S. Trustee; *provided, however*, that to the extent email addresses are available for any of the foregoing parties, such parties may be served by email.

14. In addition, within five (5) days after the entry of the Bidding Procedures Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail, postage prepaid or, for those parties who have consented to receive notice by the ECF system, by ECF, upon (i) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (ii) the United States Attorney's offices for the District of Delaware and the Northern District of Texas; (iii) the Internal Revenue Service; (iv) all parties entitled to notice pursuant to Local Rule 2002-1(b); (v) all known creditors of the Debtors, including their contract counterparties; (vi) the patient care ombudsman; and (vii) all registered holders of equity securities in the Debtors.

15. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

16. The Debtors are directed to publish the Sale Notice, as modified for publication, in the *New York Times* and the *Dallas Morning News* on one occasion on the Mailing Date or as soon as reasonably practicable thereafter. In addition, the Debtors are authorized, but not directed, to (i) publish the Sale Notice in additional publications as the Debtors deem appropriate and (ii) cause the Sale Notice to be posted on their case information website at htttps://cases.primeclerk.com/HospitalAcquisition.

17. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to all unknown parties.

18. The form of the Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D**, is approved. As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file the Post-Auction Notice identifying any Successful Bidder(s) on the docket and serve such notice on any non-Debtor party to an executory contract or unexpired

lease that is proposed to be assumed and assigned to the Successful Bidder(s) by email, overnight mail or facsimile.

E. **Assumption and Assignment Procedures**

19. The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

20. The Notice of Assumption and Assignment, substantially in the form attached to the Motion as **Exhibit E**, is approved.

21. On or before July 17, 2019 (any such date, the "*Assumption and Assignment Service Date*"), the Debtors shall file with the Court, and post on the Case Website at https://cases.primeclerk.com/HospitalAcquisition, the Notice of Assumption and Assignment and Designated Contracts List. If no Cure Cost is listed on the Designated Contracts List, the Debtors believe that there is no Cure Cost, as of the date of such notice. On the Assumption and Assignment Service Date, the Debtors shall serve, via first-class mail, a customized version of the Notice of Assumption and Assignment that contains the DCL Instructions and Necessary Notice Information, but omits the Designated Contracts List, on all counterparties to the Designated Contracts. In addition, the Debtors shall serve, via first-class mail, a modified version of the Notice of Assumption and Assignment that contains the DCL Instructions and Necessary Notice Information, but omits the Designated Contracts List on all parties on the Rule 2002 Notice List. Service of such Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

22. Any objection by a counterparty to a Designated Contract (a "***Designated Contract Objection***") must (i) be to the proposed assumption and assignment of the applicable Designated Contract or Cure Costs, if any; (ii) state, with specificity, the legal and factual basis thereof as well as what Cure Costs such objecting party believes are required, if any; and (iii) include appropriate documentation in support thereof. All Designated Contract Objections must be filed and served on (i) counsel to the Debtors, (a) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street, N.W., Washington, DC 20006, Attn: Scott L. Alberino, Esq. (salberino@akingump.com) and Kevin M. Eide, Esq. (keide@akingump.com) and 2300 N. Field Street, Suite 1800, Dallas, TX 75201, Attn: Sarah Link Schultz, Esq. (sschultz@akingump.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Benjamin A. Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov); (iii) counsel to the DIP Lender, King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036, Attn: Arthur Steinberg, Esq. (asteinberg@kslaw.com), Terry D. Novetsky, Esq. (tnovetsky@kslaw) and Scott Davidson, Esq. (sdavidson@kslaw.com); (iv) counsel to the Prepetition Priming Term Loan Lenders, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Matthew M. Roose, Esq. (matthew.roose@ropesgray.com); (v) counsel to the Prepetition Priming Term Facility Agent, Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New York, NY 10017, Attn: John H. Bae, Esq. (john.bae@thompsonhine.com), (vi) counsel to the Prepetition Second Term Facility Agent, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S. Schodek, Esq. (ned.schodek@shearman.com) and Jordan Wishnew, Esq.

(jordan.wishnew@shearman.com); (vii) counsel to the Committee, (i) Greenberg Traurig LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, Esq. (petermann@gtlaw.com) and David D. Cleary, Esq. (clearyd@gtlaw.com) and (ii) Bayard, P.A., 600 North King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@bayardlaw.com) and Erin R. Fay, Esq. (efay@bayardlaw.com); and (viii) all parties that have requested notice in these chapter 11 cases (collectively (i)-(viii), the "**Objection Recipients**"), no later than August 1, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Assumption and Assignment Objection Deadline**").

23. If a Designated Contract Objection is not consensually resolved before the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Sale Hearing, such later hearing date that the Debtors determine in their discretion, or such other date determined by this Court.

24. Any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, the Debtors reserve the right, and are authorized but not directed, to (i) supplement the Designated Contracts List with previously omitted Designated Contracts in accordance with the definitive agreement for a Sale Transaction, (ii) remove a Designated Contract from the list of contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale Transaction, or (iii) modify the previously stated Cure Cost associated with any Designated Contract.

25. In the event the Debtors exercise any of the rights listed above, the Debtors shall promptly serve the Supplemental Notice of Assumption and Assignment by electronic transmission, hand delivery, or overnight mail on the counterparty (and its attorney, if known) to each Designated Contract listed on the Supplemental Notice of Assumption and Assignment at

the last known address available to the Debtors. Each Supplemental Notice of Assumption and Assignment shall set forth (i) the name and address of the counterparty to the Designated Contract listed thereon; (ii) the proposed effective date of the assignment (subject to the right of the applicable Successful Bidder, if any, to withdraw such request for assumption and assignment of that Designated Contract prior to the closing of the applicable Sale Transaction); (iii) sufficient information to identify the Designated Contract; (iv) the Cure Costs, if any; and (v) proposed adequate assurance, if known on the Assumption and Assignment Service Date. The Debtors are authorized, but not directed, to modify the Supplemental Notice of Assumption and Assignment as necessary and appropriate to provide customized individual notice to each Designated Contract counterparty. In addition, the Debtors are authorized, but not directed, to supplement the Designated Contract List on the Case Website with any additional Designated Contracts as the Debtors deem appropriate in their discretion. Service of such Supplemental Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

26. Any objection by a counterparty to a Designated Contract listed on a Supplemental Notice of Assumption and Assignment (a "*Supplemental Designated Contract Objection*") must (i) be to the proposed assumption and assignment of the applicable Designated Contract or the proposed Cure Costs, if any; (ii) state, with specificity, the legal and factual basis thereof as well as what Cure Costs such objecting party believes are required, if any; (iii) include appropriate documentation in support of the objection; and (iv) be filed and served on the

Objection Recipients no later than fourteen (14) days from the date of service of such Supplemental Notice of Assumption and Assignment.

27. If a Supplemental Designated Contract Objection is not consensually resolved by the proposed effective date of assignment of the Designated Contract that is the subject of a Supplemental Designated Contract Objection, the Debtors shall seek an expedited hearing before the Court (a "***Supplemental Designated Contract Hearing***") to determine the Cure Costs, if any, and approve the assumption of the relevant Designated Contracts. If there is no such objection, then the Debtors shall obtain an order of this Court, including by filing a certification of no objection, (a "***Supplemental Designated Contract Order***") fixing the Cure Costs and approving the assumption of any Designated Contract listed on a Supplemental Notice of Assumption and Assignment.

28. Absent the filing of a Designated Contract Objection or Supplemental Designated Contract Objection and a subsequent order of the Court establishing an alternative Cure Cost, the Cure Costs, if any, set forth in the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) shall be controlling, notwithstanding anything to the contrary in any Designated Contract or any other document, and the counterparty to the Designated Contract will be deemed to have consented to the assumption, assignment, and sale of the Designated Contract and the Cure Costs, if any, and will be forever barred from asserting any other pre-closing claims related to such Designated Contract against the Debtors or the applicable Successful Bidder, or the property of any of them, except with respect to adequate assurance of future performance by such Successful Bidder. For the avoidance of doubt, any objections to a Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Sale Hearing or Supplemental Designated Contract Hearing, as applicable,

and will be resolved at the hearing at which it is raised or, in the Debtors' discretion, adjourned to a later hearing.

29. The inclusion of a Designated Contract on the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) will not (a) obligate the Debtors to assume any Designated Contract listed thereon nor the Successful Bidder(s) to take assignment of such Designated Contract or (b) constitute any admission or agreement of the Debtors that such Designated Contract is an "executory" contract. Only those Designated Contracts that are included on a schedule of assumed and assigned contracts attached to the final Purchase Agreement with the Successful Bidder(s) (each, an "***Acquired Contract***") will be assumed and assigned to the Successful Bidder(s).

F. **The Sale Hearing**

30. A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets to the Successful Bidder(s) and (ii) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held on August 13, 2019 at 10:00 a.m. (prevailing Eastern Time), and may be adjourned or rescheduled without notice, subject to paragraph 3 of this Order. At the Sale Hearing, the Debtors will seek Bankruptcy Court approval of the Successful Bid(s) and the Backup Bid(s). Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction(s) and there will be no further bidding at the Sale Hearing. In the event that the Successful Bidder(s) cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bidding Procedures, designate the Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Backup Bidder without further order of the Bankruptcy Court.

31. Any and all objections, if any, to any Sale Transaction must be filed no later than August 1, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "*Sale Objection Deadline*"). In addition, any and all objections relating to the Auction process (an "*Auction Objection*") must be filed by August 8, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "*Auction Objection Deadline*"). Any and all such objections must be served on the Objection Recipients and counsel to any Successful Bidder(s), if known on the Sale Objection Deadline or the Auction Objection Deadline, as applicable. For the avoidance of doubt, any objections to a Successful Bidder's proposed form of adequate assurance of future performance will be resolved at the Sale Hearing or Supplemental Designated Contract Hearing, as applicable. All replies to such objections must be filed by August 12, 2019 at 12:00 p.m. (prevailing Eastern Time) (the "*Reply Deadline*").

**G. Other Provisions**

32. Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Debtors shall not be permitted to modify the consultation rights of the Consultation Parties or the Bid Consultation Parties in the Bidding Procedures absent further order of this Court or the consent of any affected Consultation or Bid Consultation Parties.

33. For the avoidance of doubt, nothing contained herein or in the Bidding Procedures shall be construed to provide that this Court will approve any use, sale or lease (free and clear or otherwise) of any assets of any non-Debtor entity. In addition, any Bid Protections approved in accordance with the terms of this Order shall apply solely to the assets of the Debtors and their estates and shall not apply to any assets of any non-Debtor entity (*provided*, that nothing contained herein or in the Bidding Procedures shall be deemed to prohibit the non-Debtor entities from selling their assets or separately agreeing to provide any bid protections to any Stalking Horse Bidder in connection with any Sale Transaction). If any assets of a non-Debtor entity are

sold in conjunction with the Debtors' assets, this Court may approve any corporate action taken by the Debtors in connection with the sale of such non-Debtor entity's assets.

34. Any substantial contribution claims by any Bidder are deemed waived.

35. The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

36. This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

37. This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

38. To the extent this Bidding Procedures Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Bidding Procedures Order shall govern.

39. To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

40. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

41. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures,

any Stalking Horse Agreement, and the implementation of this Bidding Procedures Order.

Dated: Wilmington, Delaware
       June 27, 2019

Brendan Linehan Shannon
United States Bankruptcy Judge