**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hospital Acquisition LLC, *et al.*,[1] | ) | Case No. 19-10998 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **September 26, 2019 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline:** |
| | ) | **September 12, 2019 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE
PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND
SOLICITATION OF ACCEPTANCES THEREOF**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") respectfully submit this *Debtors' Motion for Entry of an Order Extending the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* (the "***Motion***"). In support of the Motion, the Debtors represent and set forth as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospital Acquisition LLC (3232); Hospital Acquisition Intermediate Sub LLC (9609); LifeCare Holdings LLC (f/k/a Hospital Acquisition Sub I LLC) (6612); LifeCare Behavioral Health Hospital of Pittsburgh LLC (9835); New LifeCare Hospitals LLC (7959); New LifeCare Hospitals of Dayton LLC (2592); New LifeCare Hospitals of Milwaukee LLC (2428); New LifeCare Hospitals of South Texas LLC (4237); Hospital Acquisition Sub II LLC (7920); New LifeCare Management Services LLC (4310); New LifeCare REIT 1 LLC (9849); New LifeCare Hospitals of Mechanicsburg LLC (0174); New Pittsburgh Specialty Hospital LLC (7592); LifeCare Vascular Services, LLC (5864); New LifeCare Hospitals of North Texas LLC (4279); New LifeCare Hospitals of Chester County LLC (1116); New LifeCare Hospitals of Northern Nevada LLC (4534); New San Antonio Specialty Hospital LLC (2614); New LifeCare Hospitals of North Carolina LLC (7257); New LifeCare Hospitals of Pittsburgh LLC (8759); New NextCare Specialty Hospital of Denver LLC (6416); Hospital Acquisition MI LLC (4982); LifeCare Pharmacy Services LLC (3733); New LifeCare REIT 2 LLC (1315); New LifeCare Hospitals at Tenaya LLC (6891); and New LifeCare Hospitals of Sarasota LLC (8094). The Debtors' address is 5340 Legacy Drive, Suite 150, Plano, Texas 75024.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion to Seal and the Debtors' restructuring, are set forth in greater detail in the *Declaration of James Murray, Chief Executive Officer of Hospital Acquisition LLC, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 2] (the "***First Day Declaration***"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

01:25055127.3

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, rule 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Local Rule 9006-2.

## BACKGROUND

4. Commencing on May 6, 2019 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5. On May 17, 2019, the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (the "***Committee***"). *See* D.I. 106.

6. The Debtors are in the midst of concluding a Court-supervised sale process in accordance with that certain *Order Establishing Bidding Procedures Relating to the Sales of All of a Portion of the Debtors' Assets* [D.I. 298] (the "**Bidding Procedures Order**")[3] to maximize the value of their estates through a sale of certain of their Assets. On August 6, 2019, the Debtors conducted an auction for the Sale of such Assets, and on August 13, 2019, the Court conducted a hearing to consider approval of the Sale of such Assets. The Bankruptcy Court approved, among other things, the Sale of applicable Assets to three purchasers.

7. This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.

**RELIEF REQUESTED**

8. The Debtors submit this Motion pursuant to section 1121(d) of the Bankruptcy Code, requesting entry of an order substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*"), extending the Exclusive Periods (defined below) by approximately ninety (90) days each, pursuant to section 1121(d)(1) of the Bankruptcy Code. Unless extended, the Plan Period and Solicitation Period (each as defined below) will expire on September 3, 2019 and November 1, 2019, respectively.[4] The Debtors seek to extend the Plan Period and Solicitation Period through and including December 2, 2019 and January 30, 2020, respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods, as may be appropriate under the circumstances. This Motion is the Debtors' first request to extend the Exclusive Periods.

---

[3] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Bidding Procedures Order.

[4] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

**SUPPORTING AUTHORITY**

9. Section 1121(b) of the Bankruptcy Code provides for an initial period of one hundred and twenty (120) days after commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "***Plan Period***"). 11 U.S.C. § 1121(b). If a debtor files a plan during the Plan Period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with an additional sixty (60) days following the expiration of such Plan Period (or 180 days following the commencement of the case) to solicit acceptances of the plan without completing plan filings (the "***Solicitation Period***," and together with the Plan Period, the "***Exclusive Periods***"). 11 U.S.C. § 1121(c)(3). Section 1121(d) permits the Court to extend the Exclusive Periods for "cause." For the reasons set forth herein, "cause" exists to extend the Exclusive Periods.

**A.   Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods "For Cause"**

10. The Exclusive Periods are designed to provide debtors with a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan, without disruption to the administration of the estate that may result from the filing of competing plans by non-debtor parties. To this end, where the Exclusive Periods prove to be unfeasible timeframes, section 1121(d) of the Bankruptcy Code allows the Court to extend such Exclusive Periods for cause. 11 U.S.C. § 1121(d).[5] Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. REP. NO. 95–595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts

---

[5] Pursuant to section 1121(d)(1) of the Bankruptcy Code, the Plan Period may not be extended beyond a date that is eighteen (18) months after the commencement of a chapter 11 case. 11 U.S.C. § 1121(d)(1). Pursuant to section 1121(d)(2), the Solicitation Period may not be extended beyond a date that is twenty (20) months after the commencement of a chapter 11 case. 11 U.S.C. § 1121(d)(2).

01:25055127.3

4

flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

11. Congress built flexibility into section 1121 of the Bankruptcy Code to give a debtor sufficient opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective plan with its creditors. *In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D. N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297–98 (W.D. Tenn. 1987) (Congress designed section 1121 to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

12. In making the determination to affirm or deny a request to extend the Exclusive Periods for "cause," courts have considered a variety of factors, including:

   (a) The size and complexity of the debtor's case;
   (b) The necessity of sufficient time to negotiate and prepare adequate information;
   (c) The existence of good-faith progress towards reorganization;
   (d) Whether the debtor is paying its debts as they become due;
   (e) Whether the debtor has made progress negotiating with creditors;
   (f) The length of time a case has been pending;
   (g) Whether the debtor is seeking an extension to pressure creditors; and
   (h) Whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 228 B.R. 176, 184 (Bankr. D.N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing to most of the factors listed above in determining whether to extend the exclusive periods); *In re*

01:25055127.3

*United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of above-quoted factors).

13. The facts and circumstances of these chapter 11 cases justify extending the Exclusive Periods.

**B.    Cause Exists for an Extension of the Exclusive
Periods in These Chapter 11 Cases Based on the
Extensive Progress Made in the First Approximately 90 Days**

14. The Debtors have been operating under the protection of chapter 11 for approximately four (4) months, during which time they have achieved significant progress in these chapter 11 cases, including stabilizing their business, reaffirming relationships with key economic stakeholders and vendors, and generally administering these chapter 11 cases efficiently and economically. Most prominently, with the support of the Committee and the DIP Lender, the Debtors received approval to sell their Assets to three purchasers [D.I. 519, 520 & 528]. However, as of the time of the filing of this Motion, the sales have not yet closed. The Debtors have and will continue to work diligently in an effort to preserve and maximize the value of their estates for the benefit of their creditors and other parties in interest.

**C.    Other Relevant Factors Favor Extending the Exclusive Periods**

    **(i)    The Size, Complexity, and Duration of These Chapter 11 Cases**

15. The Debtors' chapter 11 cases are sufficiently large and complex to warrant the requested extension of the Exclusive Periods. The chapter 11 cases involve twenty-six (26) Debtors with business operations that span the country. Despite the Debtors' expansive operations, in the course of just four (4) months, the Debtors have conducted, and substantially completed, a robust sale process, and the Debtors have made significant progress toward consummating sales to three separate purchasers. Throughout these chapter 11 cases, the Debtors have cooperated and communicated with their DIP Lender, the Committee, and other

key constituencies.  The complexity of the issues addressed and the time, effort and planning required to obtain the progress made thus far cannot be overstated.

    **(ii)**     <u>**Good Faith Progress Made in These Chapter 11 Cases**</u>

16. The Debtors have made significant and material progress in these chapter 11 cases, including obtaining Court approval of three separate sales.  As discussed above, these achievements were the result of the tireless efforts of the Debtors and their professional advisors, in cooperation with the DIP Lender, the Committee, and various other parties in interest in these chapter 11 cases, to stabilize the Debtors' businesses upon entry into chapter 11 and maximize value to their estates through a robust and efficient sale process.  Accordingly, the Debtors submit that this factor weighs in favor of extending the Exclusive Periods.

    **(iii)**     <u>**The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information**</u>

17. As set forth above, since the Petition Date, the Debtors and their professionals have focused much of their time, energy, and resources on smoothly transitioning into chapter 11 and conducting a successful sale process.  To that end, the Debtors prepared and prosecuted numerous motions for first and second day relief, as well as prepared and filed their Schedules and Statements and required operating reports.  In addition, the Debtors and their professionals focused substantial time and resources on conducting a robust sale process, which resulted in the Court's approval of three separate sales.  The Debtors believe that, in light of the progress that they have made in these chapter 11 cases over the past four (4) months, and their demonstrated efforts to work cooperatively with their stakeholders, it is reasonable and appropriate that the Debtors be granted additional time to negotiate and finalize a chapter 11 exit strategy.  Accordingly, the Debtors submit that this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

**(iv)    The Debtors are Paying Their Debts as They Come Due**

18.    The requested extension of the Exclusive Periods will not prejudice the legitimate interests of postpetition creditors, as the Debtors continue to make timely payments on their undisputed postpetition obligations (other than occasional inadvertent delay or error).  As such, this factor also weighs in favor of allowing the Debtors to extend the Exclusive Periods.

**(v)    The Debtors are Not Seeking an Extension to Pressure Creditors**

19.    The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods.  The Debtors have worked diligently over the past few months to maximize the value of their assets for all stakeholders, and require the extension sought by this Motion to negotiate an exit from chapter 11 in an orderly and efficient manner.  The Debtors are not seeking an extension to pressure creditors or other parties in interest.

**(vi)    Termination of the Debtors' Exclusive Periods Would Adversely Impact These Chapter 11 Cases**

20.    Termination of the Exclusive Periods would adversely impact the Debtors' efforts to preserve and maximize the value of these estates and the progress of these chapter 11 cases.  In effect, if this Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would be free to propose a chapter 11 plan for the Debtors. Terminating the Exclusive Periods would only serve to foster a chaotic environment and only add the opportunity for parties to engage in mischievous and counterproductive behavior in pursuit of alternatives that are simply not feasible under the circumstances of these chapter 11 cases.

21.    Based upon the foregoing, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtors request that the Plan Period and Solicitation Period be extended through

and including December 2, 2019, and January 30, 2020, respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods, as may be appropriate under the circumstances.

## **NOTICE**

22. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the agents under the Debtors' prepetition credit facilities; (d) counsel to the lender under the Debtors' postpetition debtor-in-possession financing; and (e) any parties entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed as **Exhibit A** hereto granting the relief requested in the Motion and (b) grant such other and further relief as may be just and proper.

Dated: August 29, 2019
Wilmington, Delaware

*/s/ Betsy L. Feldman*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Joseph M. Mulvihill (No. 6061)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Scott Alberino  (admitted *pro hac vice*)
Kevin M. Eide (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, DC 20006
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

Sarah Link Schultz (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**