**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hospital Acquisition LLC, *et al.*,[1] | ) | Case No. 19-10998 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | RE: Docket Nos. 278 & ____ |

**ORDER APPROVING STIPULATION SUPPLEMENTING THE FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING,
(II) AUTHORIZING USE OF CASH COLLATERAL, (III) GRANTING LIENS AND
PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS,
(IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC
STAY, AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the *Stipulation Supplementing the Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* (the "Stipulation"),[2] a copy of which is attached to this Order as **Exhibit 1**, as agreed to by and among the above-captioned debtors and debtors-in-possession (the "Debtors"), the Committee,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospital Acquisition LLC (3232); Hospital Acquisition Intermediate Sub LLC (9609); LifeCare Holdings LLC (f/k/a Hospital Acquisition Sub I LLC) (6612); LifeCare Behavioral Health Hospital of Pittsburgh LLC (9835); New LifeCare Hospitals LLC (7959); New LifeCare Hospitals of Dayton LLC (2592); New LifeCare Hospitals of Milwaukee LLC (2428); New LifeCare Hospitals of South Texas LLC (4237); Hospital Acquisition Sub II LLC (7920); New LifeCare Management Services LLC (4310); New LifeCare REIT 1 LLC (9849); New LifeCare Hospitals of Mechanicsburg LLC (0174); New Pittsburgh Specialty Hospital LLC (7592); LifeCare Vascular Services, LLC (5864); New LifeCare Hospitals of North Texas LLC (4279); New LifeCare Hospitals of Chester County LLC (1116); New LifeCare Hospitals of Northern Nevada LLC (4534); New San Antonio Specialty Hospital LLC (2614); New LifeCare Hospitals of North Carolina LLC (7257); New LifeCare Hospitals of Pittsburgh LLC (8759); New NextCare Specialty Hospital of Denver LLC (6416); Hospital Acquisition MI LLC (4982); LifeCare Pharmacy Services LLC (3733); New LifeCare REIT 2 LLC (1315); New LifeCare Hospitals at Tenaya LLC (6891); and New LifeCare Hospitals of Sarasota LLC (8094).  The Debtors' address is 5340 Legacy Drive, Suite 150, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Stipulation.

01:25531553.1

the Prepetition Second Term Facility Agents, the Prepetition Priming Term Facility Agent and the Prepetition Priming Term Facility Lenders, dated November 4, 2019.

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved in its entirety and is incorporated here by reference.

2. The Parties acknowledge and agree that the interim Wind Down Budget shall be deemed the "Budget" for purposes of the Final DIP Order (as supplemented by the Stipulation and this Order), effective upon the occurrence of the DIP Repayment Event. The Debtors shall be permitted to use the Cash Collateral in accordance with the Budget and are authorized to make disbursements in accordance therewith. The Prepetition Term Facility Agents shall have the same oversight of the Budget as had been provided to the DIP Lender under the Final DIP Order. Further, for the avoidance of doubt, notwithstanding any specified limits on the fees and expenses of the Prepetition Term Facility Lender Parties Advisors payable as adequate protection that are set forth in Paragraph 16 of the Final DIP Order, consistent with Paragraph 17 of the Final DIP Order, the Debtors are authorized and directed to pay all reasonable and documented fees and expenses of the Prepetition Term Facility Lender Parties Advisors subject to review by the Debtors, the Committee and the U.S. Trustee consistent with the mechanics provided for in Paragraph 35 of the Final DIP Order.

3. The Parties acknowledge and agree that, in addition to the Cash Collateral Termination Events set forth in the Final DIP Order, upon written notice from the Prepetition Term Facility Agents to the Debtors and the Committee (e-mail to suffice), the occurrence and continuation of any of the following (unless waived in writing by the Prepetition Term Facility Agents) shall constitute a Cash Collateral Termination Event under Paragraph 50 of the Final DIP Order:

(i) if by November 15, 2019, the Debtors, the Prepetition Term Facility Agents and the Committee have not agreed to the terms and conditions of a combined disclosure statement and plan of liquidation of the Debtors (the "Combined Disclosure Statement and Plan") and the Debtors have not filed it with the Court; and

(ii) if by December 3, 2019, the Parties have not agreed on a final form of Wind Down Budget and the Court has not entered an order, in form and substance acceptable to the Prepetition Term Facility Agents, which includes a permanent waiver of the Debtors' rights under Bankruptcy Code section 506(c) to charge any costs or expenses of administration which may have been or may be incurred in the Cases at any time against the Prepetition Term Facilities Collateral or the Prepetition Term Facility Lender Parties.

4. Paragraphs 20 and 21 of the Final DIP Order shall be deemed to be replaced in their entirety by the following provision:

> Notwithstanding anything to the contrary in the Final DIP Order, the Debtors shall not, without the consent of the Prepetition Term Facility Agents, and consulting with the Committee, pay any expenses or any other operating disbursements other than as set forth in the Wind Down Budget, subject to the specified line-item variances set forth in the Wind Down Budget (with variance testing to commence for the week ending November 8, 2019).

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

01:25531553.1

4

6. This Court retains jurisdiction over any and all matters arising from or related to the implementation of the Stipulation and this Order.

**Dated: November 5th, 2019**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

01:25531553.1