## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re:                                                       :    Chapter 11
:
Hospital Acquisition LLC, *et al.,*[1]                       :    Case No. 19-10998 (BLS)
:
        Debtors.                            :    Jointly Administered
:
---------------------------------------------------------x   **Ref. Docket No. 720**

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND
PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS;
(IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR
FILING OBJECTIONS THERETO; (VI) ESTABLISHING BAR DATES FOR
FILING PROOFS OF CLAIM FOR SECURED, PRIORITY, AND 503(b)(9) CLAIMS
AND REQUESTS FOR ALLOWANCE OF INITIAL ADMINISTRATIVE CLAIMS;
<u>AND (VII) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "***Motion***")[2] of the above-captioned debtors and

debtors in possession for entry of an order:  (i) approving the Combined Disclosure Statement

and Plan, on an interim basis and for solicitation purposes only; (ii) establishing procedures for

the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospital Acquisition LLC (3232); Hospital Acquisition Intermediate Sub LLC (9609); LifeCare Holdings LLC (f/k/a Hospital Acquisition Sub I LLC) (6612); LifeCare Behavioral Health Hospital of Pittsburgh LLC (9835); New LifeCare Hospitals LLC (7959); New LifeCare Hospitals of Dayton LLC (2592); New LifeCare Hospitals of Milwaukee LLC (2428); New LifeCare Hospitals of South Texas LLC (4237); Hospital Acquisition Sub II LLC (7920); New LifeCare Management Services LLC (4310); New LifeCare REIT 1 LLC (9849); New LifeCare Hospitals of Mechanicsburg LLC (0174); New Pittsburgh Specialty Hospital LLC (7592); LifeCare Vascular Services, LLC (5864); New LifeCare Hospitals of North Texas LLC (4279); New LifeCare Hospitals of Chester County LLC (1116); New LifeCare Hospitals of Northern Nevada LLC (4534); New San Antonio Specialty Hospital LLC (2614); New LifeCare Hospitals of North Carolina LLC (7257); New LifeCare Hospitals of Pittsburgh LLC (8759); New NextCare Specialty Hospital of Denver LLC (6416); Hospital Acquisition MI LLC (4982); LifeCare Pharmacy Services LLC (3733); New LifeCare REIT 2 LLC (1315); New LifeCare Hospitals at Tenaya LLC (6891); and New LifeCare Hospitals of Sarasota LLC (8094).  The Debtors' address is 5340 Legacy Drive, Suite 150, Plano, Texas 75024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

and Plan; (iii) approving the form of ballots and solicitation materials; (iv) establishing a voting

record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for

filing objections related thereto; (vi) establishing bar dates for filing proofs of claims for secured,

priority, and 503(b)(9) claims and requests for allowance of Initial Administrative Claims; and

(vii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final

order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this District is proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and

it appearing that no other or further notice is required; and this Court having found that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.       The form of ballots attached hereto as **Exhibits 1-A** and **1-B** (collectively, the

"***Ballots***"):  (i) are consistent with Official Form No. 14; (ii) adequately address the particular

needs of these chapter 11 cases; (iii) are appropriate for the Voting Classes; and (iv) comply with

Bankruptcy Rule 3017(d).

B.       The Ballots need not be provided to Holders of Claims or Interests in the

following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively

presumed to have accepted the Combined Disclosure Statement and Plan in accordance with

Bankruptcy Code section 1126(f) or (ii) impaired but will neither retain nor receive any property

2

under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have

rejected the Combined Disclosure Statement and Plan under Bankruptcy Code section 1126(g):

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | General Unsecured Claims | Impaired | Deemed to Reject |
| 6 | Intercompany Claims | Impaired | Deemed to Reject |
| 7 | Interests | Impaired | Deemed to Reject |

C.     The period during which the Debtors may solicit votes to accept or reject the

Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time

for the Holders of Claims in the Voting Classes to make informed decisions to accept or reject

the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the

solicitation provided by this Order is consistent with Bankruptcy Code section 1126.

D.     The Tabulation Procedures (defined below) for the solicitation and tabulation of

votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein,

provide a fair and equitable voting process and are consistent with Bankruptcy Code section

1126.

E.     The contents of the Solicitation Packages and the procedures for providing notice

of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the

circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules.

   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

   1.     The relief requested in the Motion is granted as set forth herein.

**<u>Combined Disclosure Statement and Plan</u>**

2.      The Combined Disclosure Statement and Plan is approved on an interim basis for

solicitation purposes under Bankruptcy Code sections 105 and 1125 and Bankruptcy Rule 3017.

3.      The Ballots, substantially in the form attached hereto as **<u>Exhibits 1-A</u>** and **<u>1-B</u>**,

are approved.

4.      To be counted as votes to accept or reject the Combined Disclosure Statement and

Plan, a Ballot must be properly executed, completed, and delivered, by mail, overnight courier,

or personal delivery to the Voting Agent in accordance with the instructions on the Ballot so that

it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on January 3, 2020**

(the "***Voting Deadline***").

5.      The following procedures shall be used in tabulating the votes to accept or reject

the Combined Disclosure Statement and Plan (the "***Tabulation Procedures***"):

> (a)      except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion);
>
> (a)      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;
>
> (b)      any Ballot cast by a person or entity that does not hold a Claim in a Voting Class will not be counted, provided, that Ballots validly submitted through the E-Balloting Portal will be deemed signed;
>
> (c)      any unsigned Ballot will not be counted;
>
> (d)      except in the Debtors' sole discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;
>
> (e)      any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

4

(f)     whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(g)     if a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

(h)     each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(i)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan;

(j)     the voting amounts for Prepetition Priming Term Loan Claims and Prepetition Second Term Facility Claims shall be the amounts provided to the Voting Agent by the Prepetition Priming Term Loan Agent and the Prepetition Second Term Facility Agents, as applicable; and

(k)     the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

6.      The Confirmation Hearing is hereby scheduled for **January 15, 2020 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors, with the consent of the Prepetition Term Facility Agents, without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of these chapter 11 cases.

7.      Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "***Notice Parties***"):  (i) counsel to the Debtors, (a) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street, N.W., Washington, DC 20006, Attn: Scott L. Alberino, Esq. (salberino@akingump.com) and Kevin M. Eide, Esq.

(keide@akingump.com) and 2300 N. Field Street, Suite 1800, Dallas, TX 75201, Attn: Sarah
Link Schultz, Esq. (sschultz@akingump.com) and (b) Young Conaway Stargatt & Taylor, LLP,
Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  M. Blake Cleary, Esq.
(mbcleary@ycst.com) and Jaime Luton Chapman (jchapman@ycst.com); (ii) the U.S. Trustee,
844 King Street, Suite 2207, Wilmington, DE, 19801, Attn:  Benjamin A. Hackman, Esq.
(Benjamin.A.Hackman@usdoj.gov); (iii) counsel to the Prepetition Priming Term Loan Lenders,
Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Matthew M.
Roose, Esq. (matthew.roose@ropesgray.com); (iv) counsel to the Prepetition Priming Term
Facility Agent, (a) Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New York, NY
10017, Attn: John H. Bae, Esq. (john.bae@thompsonhine.com) and (b) Potter Anderson &
Corroon LLP,1313 N. Market Street, 6th Floor, Wilmington, DE 19801, Attn:  Jeremy W. Ryan,
Esq. (jryan@potteranderson.com); (v) counsel to the Prepetition Second Term Facility Agents,
Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Ned S.
Schodek,      Esq.      (ned.schodek@shearman.com)      and      Jordan      Wishnew,      Esq.
(jordan.wishnew@shearman.com); and (vi) counsel to the Committee, (a) Greenberg Traurig
LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, Esq.
(petermann@gtlaw.com) and David D. Cleary, Esq. (clearyd@gtlaw.com) and (b) Bayard, P.A.,
600 North King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq.
(jalberto@bayardlaw.com) and Erin R. Fay, Esq. (efay@bayardlaw.com), by no later than **4:00
p.m. (prevailing Eastern Time) on January 3, 2020.**

8.       The Debtors shall, if they deem necessary in their discretion, file a consolidated
reply to any objections or brief in support of approval of the Combined Disclosure Statement and

6

Plan by no later than **12:00 p.m. (prevailing Eastern Time) on January 13, 2020** (or two (2)

business days prior to the date of any adjourned Confirmation Hearing).

       9.     The Confirmation Notice, in substantially the form attached hereto as **Exhibit 2**,

is approved.

       10.     Pursuant to Bankruptcy Rule 3017(d), November 30, 2019, at 4:00 p.m.

(prevailing Eastern Time) shall be the record date for purposes of determining which Holders of

Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure

Statement and Plan (the "***Record Date***").

       11.     With respect to any transferred Claim, the transferee shall only be entitled to

receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to

effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the

Record Date (including, without limitation, the passage of any applicable objection period) or

(b) the transferee files, no later than the Record Date, (i) the documentation required by

Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor

supporting the validity of the transfer.

       12.     On or prior to the date that is three (3) business days after the entry of this Order

(the "***Service Date***"), the Voting Agent shall mail the Solicitation Packages to the Voting Classes

containing copies of:  (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf"

format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan; (c) the

applicable Ballot; and (d) a pre-paid, pre-addressed return envelope.

       13.     On or prior to the Service Date, the Voting Agent shall mail the Confirmation

Notice to the following parties, to the extent such parties are not otherwise entitled to receive a

Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a

25490798.7

proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

### Bar Dates

14.     Except as otherwise set forth herein, 5:00 p.m. (prevailing Eastern time) on the date that is thirty (30) days after the Service Date is the deadline for all persons or entities, including governmental units, to file proofs of claim (each, a "***Proof of Claim***") in these chapter 11 cases for any SAP Claims against any of the Debtors; *provided*, that the Confirmation Notice shall indicate the exact calendar date of the deadline established by the Court (the "***General Bar Date***").

15.     In the event that the Debtors amend the Schedules, the later of (a) the General Bar Date and (b) twenty-one (21) calendar days after the Holder of such Claim is served with notice that the Debtors have amended the Schedules with respect to the affected Holder's Claim, as the bar date for filing a Proof of Claim with respect to such Claim affected by such amendment (the "***Amended Schedule Bar Date***").

16.     Holders of Initial Administrative Claims are required to file a request for allowance (each, an "***Administrative Claim Form***") of such Initial Administrative Claims by 5:00 p.m. (prevailing Eastern time) on the date that is thirty (30) days after the Service Date; *provided*, that the Confirmation Notice shall indicate the exact calendar date of the deadline

8

established by the Court (the "***Initial Administrative Claim Bar Date***" and collectively with the General Bar Date and Amended Schedule Bar Date, the "***Bar Dates***").

17.    Notwithstanding the foregoing, the following need ***not*** file a Proof of Claim or an Administrative Claim Form, as applicable:

(a)    the DIP Lender, the Prepetition Lender, and the Prepetition Term Facility Lender Parties (each as defined and set forth in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 278], as supplemented by the Order Approving Stipulation Supplementing the Final Order (*I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 686] (the "***DIP Order***")) with regard to Claims arising under, as applicable, the DIP Documents, the Prepetition Loan Documents, or the Prepetition Term Facility Documents (each as defined in the DIP Order);

(b)    any entity that does not have a Secured, Priority, 503(b)(9), or Initial Administrative Claim against any of the Debtors;

(c)    any entity holding an Administrative Claim arising after the date of entry of this Order;[3]

(d)    any Holder of a Claim that already has filed a Proof of Claim against a Debtor for such Claim in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of this Court or Prime Clerk;

(e)    any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of this Court or Prime Clerk;

(f)    any entity whose Claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) such entity does not dispute that its Claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

---

[3] Subject to Court approval, the deadline for filing a request for allowance of an administrative claim arising after December 3, 2019 will be set forth in the Effective Date Notice.

(g)     any entity whose Claim has previously been Allowed by order of this Court;

(h)     any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

(i)     any entity whose Claim is solely against any of the Debtors' non-Debtor affiliates;

(j)     any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by this Court;

(k)     any Holder of a Claim payable to this Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

(l)     any entity holding a Professional Fee Claim;

(m)     any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

(n)     any Debtor having a Claim against another Debtor.

18.     All Proofs of Claim must conform substantially to Form B10 of the Official Bankruptcy Forms.  Usage of the Proof of Claim Form available on Prime Clerk's website at https://cases.primeclerk.com/HospitalAcquisition shall satisfy this requirement.

19.     Pursuant to Bankruptcy Rule 2002, the manner of providing notice of the Bar Dates proposed in the Motion is approved in all respects.  The manner of notice of the Bar Dates approved herein is deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be deemed good and sufficient notice of the Bar Dates to known creditors pursuant to Bankruptcy Rule 2002(a)(7).

20.     On or prior to the Service Date, the Debtors shall post the Proof of Claim form, Administrative Claim Form, and the Confirmation Notice on Prime Clerk's website (https://cases.primeclerk.com/HospitalAcquisition).

21.     Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form for a SAP Claim or an Administrative Claim Form for an Initial

Administrative Claim, but that fails to do so by the applicable Bar Date in the form and manner provided for in this Order shall not be treated as a creditor with respect to such Claim for purposes of voting on any chapter 11 plan filed in these cases, participating in any distributions under the Combined Disclosure Statement and Plan (or any other chapter 11 plan confirmed in these cases) on account of such Claim, or receiving further notices regarding such Claim.

22.     The Debtors, with the consent of the Prepetition Term Facility Agents, may extend the Bar Dates by stipulation or otherwise, without further order of this Court, where the Debtors determine that to do so is in the best interests of their estates.

23.     The following procedures shall apply for filing Proofs of Claim for SAP Claims and Administrative Claim Forms for Initial Administrative Claims:

(a)     Proof of Claim forms and Administrative Claim Forms may be obtained free of charge at https://cases.primeclerk.com/HospitalAcquisition or upon request to the Voting Agent by (i) by telephone at (844) 627-5243 (toll free) or (347) 225-0942 (local) or (ii) email at lifecareinfo@primeclerk.com.

(b)     Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars as of the Petition Date; (iii) conform substantially with the Proof of Claim form provided by the Debtors or Official Bankruptcy Form No. 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant. The Proof of Claim must **not** contain complete social security numbers or taxpayer identification numbers, a complete birth date, the name of a minor, or a financial account number.  If applicable, the Proof of Claim should include only the last four digits of social security, tax payer identification, or financial account numbers, only the year of the birth date, or only the initial of a minor.  Each request for allowance of an Initial Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Administrative Claim Form provided by the Debtors; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(c)     Any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date;  (ii) attach documentation identifying which of the Debtors such goods were shipped to and the date such goods were

11

received by such Debtors; (iii) state whether the value of the goods asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the percentage of alleged value related to services and related to goods; and (iv) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted.

(d)     Each Proof of Claim and Administrative Claim Form must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim or Administrative Claim Form, as applicable, such Claim may be treated as if filed only against the first-listed Debtor.  A Proof of Claim or Administrative Claim Form filed under the joint administration case number (No. 19-10998), or otherwise without identifying a specific Debtor, will be deemed as filed only against Hospital Acquisition LLC.

(e)     Proofs of Claim and Administrative Claim Forms must be filed either (1) electronically via the interface provided on Prime Clerk's website, at https://cases.primeclerk.com/HospitalAcquisition/EPOC-Index (the "*Electronic Filing System*") or (2) by delivering the original Proof of Claim or Administrative Claim Form by hand, or sending the original Proof of Claim or Administrative Claim Form by overnight courier or first class mail, on or before the applicable Bar Date, to:

> **Hospital Acquisition Claims Processing Center**
> **c/o Prime Clerk LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**

(f)     A Proof of Claim or Administrative Claim Form will be deemed timely filed only if it is **actually received** by Prime Clerk on or before the applicable Bar Date (1) at the address listed above or (2) electronically through the Electronic Filing System.  Proofs of Claim or Administrative Claim Forms sent by facsimile, telecopy, or electronic mail transmission (other than those filed electronically through the Electronic Filing System) **will not** be accepted.

24.     Notwithstanding anything to the contrary in this Order, not later than four (4) business days prior to the deadline to object to confirmation of the Plan, the Debtors shall serve upon counsel for Cigna written notice of their irrevocable decision as to whether the Debtors propose to assume, assume and assign, or reject each of the Cigna Provider Agreements (as defined in the *Objection of Cigna to Debtors' Motion for Entry of an Order (I) Approving the*

12

*Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; (VI) Establishing Bar Dates for Filing Proofs of Claim for Secured, Priority, and 503(b)(9) Claims and Requests for Allowance of Initial Administrative Claims; and (VII) Granting Related Relief* [D.I. 753]) pursuant to the Plan.

25.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

26.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27.     The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

**Dated: December 3rd, 2019**
**Wilmington, Delaware**

13

25490798.7